# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MINGO JAVERY III** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1113** |
| **N. BURL CAIN, WARDEN** | **SECTION "K"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.    Factual and Background

The petitioner, Mingo Javery III ("Javery"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On February 25, 1992, Javery was indicted by a St. Tammany Parish Grand Jury for the second degree murder of Anthony Ford.[3]

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 2 of 2, Indictment, 2/25/92; Grand Jury Minutes, 12/18/91; Grand Jury Minutes, 2/25/92.

The record reflects that, on February 12, 1992, the victim, Anthony Ford, was seated on the back seat of a vehicle with Robert T. Taylor and Arthur Simms.[4]  Wayne Fischer was the driver of the vehicle and Javery was the passenger in the front seat.  Because of his dangerous driving, Taylor hit Fischer on the back of the head to get him to slow down.  Fischer stopped the car and got out in order to retaliate against the person who hit him.  Javery also exited the car and shot Ford one time.  The four young men fled the scene.  Javery reportedly threatened the others if they disclosed what he had done.

The fatal gunshot perforated Ford's left lung.  At the time of his death, Ford had a blood alcohol count of .176 and tested a presumptive positive for cocaine and marijuana.  No other weapons were found in the car nor any evidence that Ford was armed.

Javery was tried before a judge on March 11 and 12, 2003, and found guilty as charged.[5]  At a hearing held on October 23, 2001, the Trial Court denied Javery's Motion for Arrest of Judgment, Motion for New Trial, and Motion for Post Verdict Judgment of Acquittal.[6]  After waiver of legal delays, the Trial Court sentenced Javery to life imprisonment without benefit of parole, probation or suspension of sentence.[7]

---

[4]The facts of the case were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  St. Rec. Vol. 1 of 2, 1st Cir. Opinion, 2003-KA-1587, 2/23/04; *State v. Javery*, 868 So.2d 322 (La. App. 1st Cir. 2004) (Table).

[5]St. Rec. Vol. 2 of 2, Trial Minutes, 3/11/03; Trial Minute, 3/12/03; Trial Transcript, 3/11/03; Trial Transcript, 3/12/03.

[6]St. Rec. Vol. 2 of 2, Sentencing Minutes, 4/14/03; Motion for Post Verdict Judgment of Acquittal, 4/14/03; Motion for New Trial, 4/14/03; Sentencing Transcript, 4/14/03.

[7]St. Rec. Vol. 2 of 2, Sentencing Minutes, 4/14/03; Sentencing Transcript, 4/14/03.

On appeal, Javery's counsel argued that the sentence was excessive and that counsel was ineffective for failure to file a motion to reconsider the sentence.[8]  On February 23, 2004, the Louisiana First Circuit Court of Appeal affirmed Javery's conviction and sentence finding no merit to the claims.[9]

Javery filed a timely writ application with the Louisiana Supreme Court.[10]  The Court denied the application without reasons on September 24, 2004.[11]

Javery's conviction became final 90 days later, on May 24, 2004, since he did not file a writ application with the United States Supreme Court.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

## II.    Procedural Background

On November 4, 2004, Javery filed a Uniform Application for Post Conviction Relief with the Trial Court raising three grounds for relief:[12] (1) the Grand Jury was unconstitutionally empaneled; (2) the short form indictment failed to inform him of the elements of the crime of which he was accused; and (3) counsel was ineffective for failure to object to the Grand Jury empaneling process and for failure to file a motion to quash the indictment for improper form.

---

[8]St. Rec. Vol. 1 of 2, 1st Cir. Opinion, 2003-KA-1587, p. 3, 2/23/04.

[9]*Id.*

[10]St. Rec. Vol. 1 of 2, Copy of La. S. Ct. Writ Application, undated.  La. S. Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment.  *See also* La. Code Crim. Proc. art. 922(A).  The Court contacted the Office of the Clerk of the Louisiana Supreme Court and was advised that Javery's petition was filed on April 2, 2004, and was post marked on March 17, 2003.  The post mark date was within the filing period allowed under La. S. Ct. R. X§ 5.

[11]*State v. Javery*, 882 So.2d 1169 (La. 2004); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2004-KO-0849, 9/24/04.

[12]St. Rec. Vol. 1 of 2, Uniform Application for Post Conviction Relief, 11/4/04 (signed 10/28/04).

The Trial Court denied the Application on December 10, 2004.[13]  The Court held that Javery waived the challenge to the Grand Jury selection and to the validity of the indictment because no contemporaneous objections were made and that counsel was not ineffective.

Javery sought timely review of the ruling from the Louisiana First Circuit on December 29, 2004.[14]  The Court denied the Application without reasons on February 22, 2005.[15]

Javery filed a timely Writ Application with the Louisiana Supreme Court on April 29, 2005, seeking review of the same claims.[16]  The Court denied the Application without reasons on February 3, 2006.[17]

## III.   **Federal Petition**

On March 31, 2006, Javery filed a Petition for Federal Habeas Corpus Relief raising three grounds for relief:[18] (1) the Grand Jury was unconstitutionally empaneled; (2) the indictment was improper because of the tainted Grand Jury selection process and its short form; and (3) ineffective assistance of counsel for failure to challenge the Grand Jury selection and for failure to file a Motion to Quash the indictment.

---

[13]St. Rec. Vol. 1 of 2, Judgment, 12/10/04.

[14]The record does not contain a copy of the Writ Application in Case No. 2004-KW-2808.  The filing date was obtained from the Office of the Clerk of the Louisiana First Circuit.

[15]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2004-KW-2808, 2/22/05.

[16]St. Rec. Vol. 1 of 2, Copy of La. S. Ct. Writ Application (undated). The Court contacted the Office of the Clerk of the Louisiana Supreme Court and was advised that Javery's petition (filed under the wrong surname of "Mingo Jarvis") was filed on April 29, 2005, and was post marked on March 16, 2005.  The post mark date was within the filing period allowed under La. S. Ct. R. X§ 5 and La. Code Crim. P. art. 922.

[17]*State ex rel. Jarvis v. State*, 922 So.2d 1164 (La. 2006); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2005-KH-1113, 2/3/06.

[18]Rec. Doc. No. 3.

The State filed an answer and opposition memorandum alleging that the sufficiency of the indictment is not reviewable on federal habeas corpus review and the ineffective assistance of counsel claim is without merit.  Javery filed a reply to the State's opposition noting that the State failed to address the Grand Jury selection issue and otherwise reiterating his arguments in support of his claims.

## IV.  General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[19] applies to Javery's petition, which is deemed filed in this court under the federal "mailbox rule" on February 20, 2006.[20]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The Court's review of the record reflects that Javery's petition is timely and he has exhausted state court remedies.  However, his claims regarding the Grand Jury selection process and the

---

[19]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Javery's federal habeas petition on March 31, 2006.  Javery dated his signature on the memorandum in support, contemporaneously submitted with the petition, on February 20, 2006.  This is the earliest date on which he could have delivered it to prison officials for mailing.  The fact that he paid the filing fee does not alter the application of the mailbox rule to his pro se petition. *Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

validity of the indictment are in procedural default.  The Court will address this issue before proceeding to review of the other claims.

## V.    **Procedural Default**

Javery challenged the propriety of the Grand Jury selection process in his Uniform Application for Post Conviction Relief.  The Trial Court denied relief on this claim finding that Javery had not preserved the claim by filing a contemporaneous or timely Motion to Quash the grand jury or the indictment and for failure to raise the claim in the trial court or on appeal.

Javery also challenged the validity of the indictment claiming that the improper Grand Jury selection process tainted the indictment and the short form used failed to adequately notify him of the crime with which he was being charged.  The Trial Court again denied relief finding that the claim was waived because Javery failed to file an objection prior to trail.

These claims were therefore denied based on Javery's procedural default.[21]  The higher state courts denied Javery's subsequent applications without reasons.  The Court must presume that these state court's denied relief based on the same reasons as those presented by the Trial Court.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

---

[21]The Louisiana First Circuit also briefly addressed the merits of the claims.  Nevertheless, "'[t]he rule in this circuit is that, when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny habeas relief because of the procedural default.'"  *Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005) (*quoting Cook v. Lynaugh*, 821 F.2d 1072, 1077 (5th Cir.1987)).  Therefore, the fact that the Louisiana First Circuit also commented on the merits of those claims is of no moment and the Court may examine the procedural bar.

The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim. *Nobles*, 127 F.3d at 420.   The court has the discretion to raise procedural default *sua sponte*, provided that the petitioner has notice that the issue is being considered.   *Fisher v. State*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *see also*, *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).   Accordingly, petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is *sua sponte* raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.   *Magouirk*, 144 F.3d at 348.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment.   *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).   The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review.   *Coleman*, 501 U.S. at 731-32.   This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.   *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

### A.     Independent State Grounds

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar.  *Amos*, 61 F.3d at 338.  As noted above, the bases for dismissal of Javery's claims was the state procedural requirement that the claims be preserved by contemporaneous objection through a pretrial motion to quash, *see e.g.*, *Duncan v. Cain*, 278 F.3d 537 (5th Cir. 2002) (Louisiana's contemporaneous objection rules are independent of federal law), and Javery's failure to raise the claim in the Trial Court or on direct appeal.  The bases for the Trial Court's dismissal were therefore independent of federal law and relied strictly on state procedural requirements.  *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

### B.     Adequate State Grounds

The question of the adequacy of a state procedural bar is itself a federal question.  *Douglas v. Alabama*, 380 U.S. 415, 422 (1965); *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993).  For a state procedural rule to be adequate, it must be one that the state courts strictly and regularly follow and it must be applied evenhandedly to the vast majority of similar claims.  *Glover*, 128 F.3d at 902 (citing *Amos*, 61 F.3d at 339).

### 1.     Art. 930.4(C)

La. Code Crim. P. Art. 930.4(C) prevents post-conviction review of a claim that could have been raised on direct appeal and was not.  The Trial Court used this as one basis for refusing review of Javery's challenge to the Grand Jury selection process.  Under Louisiana law, Art. 930.4(C) prevents review of such a claim on post conviction review.  *See Washington v. Cain*, 2000 WL 863980 (E.D. La. June 27, 2000).  For this reason, it is adequate to prevent federal review of Javery's claim because it could have been raised on direct appeal and was not.

2.      **Contemporaneous Objection Rule**

Louisiana law, e.g. La. Code Crim. P. art. 841,[22] 533(1),[23] and 535(D),[24] provides that a challenge to the Grand Jury or the indictment must be preserved by pretrial motion to quash or by other contemporaneous objection.  Furthermore, La. Code Crim. P. Art. 930.4(B) prohibits post conviction review of a claim which should have been raised before or during trial and was not.

In this case, the Trial Court refused to review Javery's challenge to the Grand Jury selection process and to the indictment for his failure to comply with these rules.  As noted above, the Trial Court found that Javery did not preserve the claim by filing a Motion to Quash or other contemporaneous challenge to either the grand jury or the indictment.  For this reason, the Court held that his claim was waived and otherwise barred from review.  The Louisiana First Circuit and the Louisiana Supreme Court acquiesced in this ruling when the subsequent writ applications were denied without reasons.  *See Ylst.*

Javery's claim regarding the Grand Jury selection process and the invalid indictment was based on the opinion in *Campbell v. Louisiana*, 523 U.S. 392 (1998), and related state case law, which recognized a right of action to all defendants, regardless of race, for racial discrimination in the selection and composition of grand juries in Louisiana.[25]   Traditionally, Louisiana's

---

[22]La. Code Crim. P. Art. 841 provides that an "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."

[23]La. Code Crim. P. art. 533(1) provides that "[a] motion to quash an indictment by a grand jury may also be based on one or more of the following grounds: (1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.. . ."

[24]La. Code Crim. P. art. 535(D) provides that ". . . [t]he grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."

[25]In *Campbell*, the Supreme Court first recognized that a white defendant has third-party standing to assert an equal protection challenge, as well as a due process challenge, based upon discrimination against blacks in the grand jury selection process used in all Louisiana parishes except Orleans under La. Code Crim. P. Art. 413(B).  The *Campbell* court found that, although Campbell specifically challenged the discriminatory selection of the grand jury foreperson

9

contemporaneous objection rules have been considered adequate grounds on which Louisiana courts, and federal courts, rejected claims of invalid indictments based on potential discrimination in the selection of the grand jury and forepersons under Louisiana law even prior to *Campbell*.  *See Francis v. Henderson*, 425 U.S. 536, 540-41 (1976) (failure to file a pretrial motion to quash as required by Louisiana law stands as a waiver of the right to challenge the grand jury composition which the federal courts must respect) (citing *Michel v. Louisiana*, 350 U.S. 91, 97-98 (1955) (same) (discussed *infra*)); *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997) (petitioner failed to file pretrial motion to quash regarding his claim of discrimination in the grand jury foreperson selection process and was procedurally barred under Louisiana law and federal review was also barred).

Since the issuance of *Campbell*, the Louisiana courts have also consistently and evenhandedly applied this procedural bar in similar post-*Campbell* cases, refusing to review the merits where no contemporaneous pretrial motion to quash or objection was made.  *State v. Woodberry*, 820 So.2d 638 (La. App. 4th Cir. 2002); *State v. Richthofer*, 803 So.2d 171 (La. App. 5th Cir. 2001); *State v. Robinson*, 754 So.2d 311, 322 (La. App. 2nd Cir. 2000);  *State ex rel Roper v. Cain*, 763 So.2d 1, 4-5 (La. App. 1st Cir. 1999), *writ denied*,773 So.2d 733 (La. Nov. 17, 2000); *State v. Straughter*, 727 So.2d 1283 (La. App. 4th Cir.), *writ denied*, 747 So.2d 14 (La. 1999).

Javery also references the case of *State v. Dilosa*, 848 So.2d 546 (La. 2003), apparently to show that the Louisiana Supreme Court has held that Louisiana laws, including La. Code Crim. P. arts. 413 and 414, which established a unique method for the selection of the grand jury venire and foreperson in Orleans Parish, violated La. Const. art. III, § 12(A).  *Dilosa*, 848 So.2d at 550-551.

---

under the Louisiana system, the court treated Campbell's claim as a challenge to the discriminatory selection of grand jurors.  *Campbell*, 523 U.S. at 397.  The Louisiana statute, La. Code Crim. P. Art. 413(B), was amended to prevent any potential for discrimination in light of *Campbell*.  See La. Code Crim. P. Art. 413(B) (West Supp. 1999), amended by Acts 1999, No. 984 §1.

This section of the Louisiana Constitution prohibits the passage of local laws concerning criminal actions.  Broadly construing Javery's argument, it appears that *Dilosa* is cited as if it presented an exception to the contemporaneous objection requirement.

Javery's reliance on *Dilosa* does not alter the application of the procedural default doctrine. Notably, Javery's case arises out of St. Tammany Parish not Orleans Parish.  In addition, his reliance on *Dilosa* reinforces the fact that he presented and relied upon state law issues which were found to be in procedural default under state (not federal) law.[26]  The Trial Court determined that, under Louisiana law, Javery did not preserve for review his claim challenging the grand jury by filing a pretrial motion to quash as required by Louisiana law.  The filing of such a motion is required by La. Code Crim. P. arts. 533(1) and 535(D), as recognized by the Louisiana Supreme Court in *Deloch v. Whitley*, 684 So.2d 349 (La. 1996).[27]

The contemporaneous objection rule has been found to be an adequate and independent state ground on which both Louisiana and federal courts have declined to consider claims of discrimination in the selection of the grand jury and its forepersons.  *See Francis*, 425 U.S. at 540-41; *Glover*, 128 F.3d at 902; *Williams v. Cain*, 125 F.3d at 276.

---

[26]Javery's underlying claim that La. C. Cr. P. art. 413(C) violated the state constitution would not be grounds for federal relief even if that claim were not procedurally barred.  *See Parker v. Cain*, 445 F. Supp.2d at 697 n.23; *Varnado v. Cain*, 2004 WL 2984804 at *5 (E.D. La. Dec. 21, 2004) (Duval, J.).  Javery's argument based on *State v. Dilosa*, 848 So.2d at 546, in which the Louisiana Supreme Court, not the United States Supreme Court, addressed Louisiana laws governing the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A).  The United States Supreme Court has not addressed the issue brought under *Dilosa* with regard to Louisiana laws applicable to Orleans Parish grand jury selection.  The fact that those provisions violated the <u>State</u> constitution is of no moment in a federal proceeding.  *Parker*, 445 F. Supp. at 697.  Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  Because the constitutional rights addressed in *Dilosa* were state constitutional rights, federal habeas corpus relief is not available.  *Davis v. Jones*, 2006 WL 1540114 at *2 n.11 (E.D. La. May 31, 2006) (unpub.) (Berrigan, C.J.); *Varnado*, 2004 WL 2984804 at *5.

[27]In *Deloch*, the Louisiana Supreme Court held that defense counsel's failure to file a pretrial motion to quash waived the equal protection claim arising out of allegedly discriminatory selection of grand jury forepersons.

A review of these cases reflects that Louisiana courts have consistently enforced the waiver or procedural bar to challenges to the Grand Jury selection process when the defendant has failed to file a pretrial objection or motion to quash. This consistent application renders the procedural bar imposed against Javery an adequate and independent state law bar to his challenges to the grand jury composition and to the indictment on that ground.

Javery will be excepted from the procedural bars to federal review of his claims only if he can show cause for his defaults and prejudice attributed thereto. Alternatively, he could demonstrate that the federal court's failure to review the claims will result in a fundamental miscarriage of justice. *Nobles*, 127 F.3d at 414 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262 and *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). These exceptions to the imposition of a bar will be addressed below.

## C.   Cause and Prejudice

To establish a cause for his procedural default, Javery must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Javery has not demonstrated in his pleadings the existence of any objective factor external to the defense that impeded counsel's ability to raise the claims prior to trial or on direct appeal. He also has not demonstrated that his counsel was ineffective for failure to challenge the Grand Jury or the indictment, as discussed later in this opinion.

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed and Javery has not alleged any actual prejudice. *See Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

12

**D.**    **Fundamental Miscarriage of Justice**

Alternatively, a petitioner seeking federal habeas review can escape a procedural bar upon a showing that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice.  To establish this, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.  "To satisfy the 'factual innocence' standard, a petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt." *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")

Javery has not pointed to any new or existing evidence which would create a reasonable doubt as to his guilt or which would establish his actual innocence.  *Murray*, 477 U.S. at 496.  Furthermore, the arguments now raised in support of this federal habeas corpus petition were before the state courts and offer no basis for reasonable doubt on habeas corpus review.  When the petitioner has not factually established his actual innocence, his procedural default can not be excused under the "fundamental miscarriage of justice" exception.  *Glover*, 128 F.3d at 903.

Because Javery has not met this alternative exception to the procedural bar, his procedurally defaulted claims challenging the Grand Jury selection process and the validity of the indictment must be dismissed with prejudice without review of the merits.  The Court, however, will proceed to review of the remaining ineffective assistance of counsel claim.

**VI.**     <u>**Standards of Review on the Merits of the Remaining Claims**</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law and mixed questions of fact and law.  A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Title 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  Title 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides deference to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court.  A state court's decision can be "contrary to" federal law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792 (2001).

A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it unreasonably to the facts, or (2) extends

or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams v. Taylor*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992). The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See e.g., Id.*, at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002).

## VII. Ineffective Assistance of Counsel

Javery alleges that his counsel was rendered ineffective when he failed to challenge the Grand Jury selection process and file a motion to quash the indictment based on the improper selection process and the improper short form of the indictment. Javery raised this claim in his Uniform Application for Post Conviction Relief. The Trial Court held that counsel acted appropriately and competently both before and during trial. The Louisiana First Circuit and the

Louisiana Supreme Court did not offer any additional reasons when denying subsequent relief sought in those courts. *Ylst*, 501 U.S. at 802.

## A.      The *Strickland* Standard

The standard for evaluating counsel's performance is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom. *See Strickland*, 466 U.S. at 697. To meet the burden of proving ineffective assistance of counsel, petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000), *cert. denied*, 531 U.S. 1167 (2001).

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "The defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all of the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Furthermore, "[t]o meet the prejudice prong, the [petitioner] must affirmatively prove, and not merely allege, prejudice." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Theriot v. Whitley*, 18 F.3d 311, 314-15 (5th Cir. 1994). In this context, a reasonable probability of prejudice is "a probability sufficient to undermine confidence in the outcome." *Id.* In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *United States v. Kimler*, 167 F.3d at 893. On habeas review, scrutiny of counsel's performance "must be highly deferential" and the court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 689-90); *Mattheson*, 751 F.2d at 1441.

A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 693). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional

issue sufficient to support federal habeas relief.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)), *cert. denied*, 531 U.S. 849 (2000) .

A claim of ineffective assistance of counsel is a mixed question of law and fact.  *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).  Therefore, this Court must determine whether the state court's failure to grant relief was contrary to, or an unreasonable application of, *Strickland*.

### B.   Failure to Challenge the Grand Jury Selection Process

Javery contends that his counsel was ineffective for failing to challenge or to file a motion to quash the indictment for lack of jurisdiction based on the allegedly unconstitutional Grand Jury selection process.  The record indicates, however, that at the time of Javery's prosecution, counsel's failure to file a motion to quash the indictment was reasonable and not unconstitutionally deficient.

Under Louisiana law, a motion to quash an indictment may be filed if, among other things, "the manner of selection of . . . the grand jury venire, or the grand jury was illegal."  La. Code Crim. P. art. 533.  However, federal courts have long recognized that the filing of a motion to quash of this type is generally a matter of professional judgment left to the discretion of counsel.  *Williams v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965) (citing *Michel v. Louisiana*, 350 U.S. at 91); *accord United States v. Lewis*, 786 F.2d 1278, 1283 n.4 (5th Cir. 1986).

In *Michel*, the United States Supreme Court held that the failure of counsel to move to quash the indictment on grounds that the grand jury was unconstitutionally impaneled because of the historical exclusion of African-Americans from the grand jury, including such exclusions in the consolidated cases before the Court, was not deficient performance *per se* and was within the range of sound trial strategy, given the facts of the case.  *Michel*, 350 U.S. at 100.

In the instant case, the decision of Javery's counsel not to raise the systematic discrimination against African-Americans in the grand jury selection process was not outside the reasonable discretion afforded counsel. Javery has made no showing to this or any other court of an intentional race or gender discrimination in the selection of his grand jury or its foreperson. Without such a showing, Javery has not shown that he suffered any prejudice nor has he stated a constitutional violation. *Guillory v. Cain*, 303 F.3d 647, 653 (5th Cir. 2001). Javery has therefore failed to establish that counsel's performance was constitutionally deficient in this regard or that he suffered prejudice as a result of counsel's failure to challenge the Grand Jury or the indictment.

The state courts' denial of relief was not contrary to or an unreasonable application of *Strickland*. Javery has failed to establish that counsel's performance was constitutionally deficient in this regard. Javery is not entitled to relief on this claim.

### C.   Failure to File Motion to Quash the Short Form Indictment

Javery suggests that his counsel should have filed a motion to quash the indictment because its shortened form failed to adequately apprise him of the basis of the charge against him. In order to evaluate counsel's performance, the Court must consider the underlying suggestion that the form of the indictment provoked a challenge that should have been raised by counsel in a motion to quash.

In Javery's case, the indictment read as follows:[28]

That one, Mingo Javery III, late of the Parish of St. Tammany, on the 12th day of February, in the year of our Lord, one thousand nine hundred and ninety-two (1992), in the Parish of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-second Judicial District Court of Louisiana, for the Parish of St. Tammany: violated R.S. 14.30.1 by murdering Anthony Ford, in the second degree, contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same.

---

[28]St. Rec. Vol. 2 of 2, Indictment, 2/25/02.

The United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him so as to enable him to prepare his defense, and affords him protection against double jeopardy. *United States v. Debrow*, 346 U.S. 374 (1953).[29]  The short form indictment[30] used in Javery's case and authorized by Louisiana law provided the necessary due process protections. *Liner v. Phelps*, 731 F.2d 1201 (5th Cir. 1984); *Brown v. Cain*, 2001 WL 96410 (E.D. La. Feb. 2, 2001).  Javery was on notice of the statutory provision of which he was accused, the date and venue of the murder, and the identity of the victim.  This was adequate information to apprise him of the crime with which he was charged, violation of La. Rev. Stat. Ann. §14:30.1,[31] and

---

[29]The United States Court of Appeals for the Fifth Circuit has declined to review claims of insufficient indictment forms because "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction . . . [and] this can be determined only by looking to the law of the state where the indictment was issued." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (citation and quotations omitted) (emphasis added); *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969).  Resolution of such an issue on federal habeas review is precluded "[w]hen it appears ... that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case. ..." *Id.* (quotation and citation omitted); *Murphy*, 416 F.2d at 100 ("[J]urisdiction to try an offense includes jurisdiction to determine whether the offense is properly charged.")

[30]La. Code Crim. P. art. 464 provides:
The indictment shall be a <u>plain, concise, and definite</u> written statement of the essential facts constituting the offense charged. <u>It shall state for each count the official or customary citation of the statute</u> which the defendant is alleged to have violated.  Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice (emphasis added).

 La. Code Crim. P. art. 465 also specifically authorizes the use of a short form indictment in charging certain offenses, including second degree murder:
A. The following forms of charging offenses may be used, but any other forms authorized by this title may also be used:  . . .
    32. Second Degree Murder--A.B. committed second degree murder of C.D.  . . .
B. The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, <u>may</u> <u>also</u> include a statement of additional facts pertaining to the offense charged. If this is done it shall <u>not</u> affect the sufficiency of the specific indictment form authorized by this article (emphasis added).

[31]At the time, § 14:30.1 provided as follows (footnote omitted):
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2)(a) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple

to comply with Louisiana law on the form of indictment. The details provided in the indictment comply with the test for constitutional sufficiency established by the Supreme Court.

The Court need not further scrutinize counsel's failure to file a motion to quash. The decision regarding the filing of such a motion was within the broad range afforded to counsel's discretion. *See Williams v. Beto*, 354 F.2d at 703. Counsel was under no obligation to file a motion to quash an indictment that was not defective. His failure to do so was neither deficient nor prejudicial. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999) (failure to make a frivolous objection is not deficient performance below an objective level of reasonableness).

The denial of relief on this claim was not contrary to or an unreasonable application of *Strickland*. Javery is not entitled to relief on this claim.

## VIII.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Mingo Javery III's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

---

robbery, even though he has no intent to kill or to inflict great bodily harm.  (b) When the offender is engaged in the perpetration of cruelty to juveniles, even though he has no intent to kill or to inflict great bodily harm.

(3) When the offender unlawfully distributes or dispenses a controlled dangerous substance listed in Schedules I or II of the Uniform Controlled Dangerous Substances Law which is the direct cause of the death of the recipient who ingested or consumed the controlled dangerous substance.

(4) When the offender unlawfully distributes or dispenses a controlled dangerous substance listed in Schedules I or II of the Uniform Controlled Dangerous Substances Law to another who subsequently distributes or dispenses such controlled dangerous substance which is the direct cause of the death of the person who ingested or consumed the controlled dangerous substance.

B. Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___27th___ day of _____June_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**